**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

**U.S. COURTHOUSE**
**402 E. STATE STREET, RM 6052**
**TRENTON, NJ 08608**

April 7, 2017

**LETTER ORDER**

**Re: Tyler v. Cruz et al**
**Civil Action No. 15-2951 (FLW)**

Dear Mr. Tyler and Counsel:

Currently before the Court is Plaintiff's motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. §1915(e). (Docket Entry No. 23). In his motion, Plaintiff does not explain why counsel should be appointed. The only question that Plaintiff answered in his application is "Have you previously requested counsel from the court in this case?" to which the Plaintiff responded "No." (Pl.'s Mot. at 3)

The Court has fully reviewed and considered Plaintiff's application. While there is no right to counsel in a civil case (*see Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)), pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Under *Tabron*, in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a

significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Tabron*, 6 F.3d at 155-157. Other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel. *Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58).

The Court finds that Plaintiff has not provided it with the information that it requires to determine if appointment of counsel is appropriate. Consequently, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

**THE CLERK OF THE COURT IS DIRECTED TO TERMINATE DOCKET ENTRY NO. 23.**

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**