# UNITED STATES DISTRICT COURT

**DISTRICT OF NEW JERSEY**

**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

**U.S. COURTHOUSE**
**402 E. STATE STREET, RM 6052**
**TRENTON, NJ 08608**

January 12, 2018

## LETTER ORDER

**Re: Mack Tyler v. Jacqueline Cruz et al**
**Civil Action No. 15-2951 (FLW)**

Dear Parties:

Currently before the Court is Plaintiff's request for *pro bono* counsel as well as Defendants' request to file a summary judgment motion.

On December 8, 2017, the Court instructed Plaintiff during a telephone conference and subsequently entered an Order directing Plaintiff to mail his responses to Defendants' discovery requests by December 15, 2017. Plaintiff was further directed to provide a HIPAA authorization for every provider of medical/mental health treatment. Defendants advised the Court on December 22, 2017 and again on January 3, 2018 that it had not received Plaintiff's responses. The Court notes that Plaintiff was previously instructed to respond to Defendants' discovery requests in an August 1, 2017 telephone conference and an August 2, 2017 letter order. (Docket Entry No. 31). Plaintiff has been given more than ample time to provide the very basic information /discovery to which the Defendants are entitled. Therefore, Plaintiff is precluded from producing and relying upon any information which has not already been produced.

Defendants now seek to file a motion for summary judgment. Defendants' request is GRANTED. The motion shall be filed by **February 9, 2018**. Plaintiff's opposition brief is due by **February 20, 2018**. Defendants reply will be due by **February 26, 2018**.

Plaintiff's request for *pro bono* counsel is DENIED WITHOUT PREJUDICE. Plaintiff asserts that he needs counsel to obtain medical records. This is not so. Had Plaintiff provided signed HIPAA authorizations to Defendants, Defendants would have obtained the medical records and provided copies to Plaintiff. This was explained to Plaintiff by the Court during previous conferences. Additionally, Defendants have also provided discovery to Plaintiff as deemed relevant by the Court. The Court denied Plaintiff's previous request for *pro bono* counsel on April 7, 2017. (Docket Entry No. 24). The basis that Plaintiff now provides for the appointment of *pro bono* counsel does not change the Court's analysis.

**IT IS SO ORDERED.**

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**