| | |
|---|---|
| Mack Tyler,<br><br>          Plaintiff,<br><br>     v.<br><br>Jacqueline Cruz, Lawrence Rossi,<br>Lee Acuf; Maria Champagne, Evan<br>Fiebusch, Teresa McQuaide,<br>Sandra Bryant, Bruce Booth,<br>Karen Johnson, John Does and<br>Jane Does 1-19,<br><br>          Defendants | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br>**VICINAGE OF TRENTON**<br><br>**HON. TONIANNE J. BONGIOVANNI,**<br>**U.S.M.J.**<br><br>CIVIL ACTION NO.<br>3:15-CV-02951 |

_____

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ON BEHALF OF DEFENDANTS TERESA MCQUAIDE, EVAN FEIBUSCH, BRUCE
BOOTH, AND SANDRA BRYANT

_____

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 116
Trenton, New Jersey 08625
Attorney for Defendants,
Teresa McQuaide, Evan Feibusch, Bruce
Booth, Sandra Bryant

By: Meliha Arnautovic
    Deputy Attorney General
    (609)633-8702
    Meliha.Arnautovic @law.njoag.gov

## Table of Contents

**Page**

PRELIMINARY STATEMENT................................................ 4

STANDARD OF REVIEW................................................. 6

ARGUMENT.......................................................... 9

  POINT I

   ALL CLAIMS AGAINST DEFENDANT SANDRA BRYANT MUST BE
   DISMISSED PURSUANT TO THE JANUARY 13, 2017 ORDER OF THE
   HONORABLE FREDA L. WOLFSON BECAUSE PLAINTIFF FAILED TO
   FILE AN AMENDED COMPLAINT TO CURE CRITICAL FACTUAL
   DEFICIENCIES... .................................................9

  POINT II

   SUMMARY JUDGMENT MUST BE GRATNED IN FAVOR OF THE STATE
   DEFNEDANTS BECAUSE PLAINTIFF FAILS TO PROVIDE ANY EVIDENCE
   TO SUPPORT HIS § 1983 CLAIMS .................................10

  POINT III

   SUMMARY JUDGMENT MUST BE GRANTED IN FAVOR OF THE STATE
   DEFENDANTS BECAUSE PLAINTIFF'S CLAIMS ARE BASED ON AN
   IMPERMISSABLE THEORY OF RESPONDEAT SUPERIOR .................16

  POINT IV

   PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE HE
   FAILED TO PROVIDE ANY PROOF THAT HE SUFFERED ANY
   DAMAGES...................................................... 17

       A. Plaintiff Cannot Establish That he Suffered any
          Physical or Emotional Injuries that entitle him
          to Compensatory Damages ...........................18

       B. Plaintiff Cannot Establish That the State
          Defendants are Liable for Punitive Damages .......20

Conclusion.....................................................21

1

## Table of Authorities

### Federal Cases

**Page**

Anderson v. Liberty Lobby, 477 U.S. 242 (1986)...................8

Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).......................................8

Carey v. Piphus, 435 U.S. 247, 255 (1978).......................19

Celotex Corporation v. Catrett, 477 U.S. 317(1986)...............7, 10, 15

Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).........................................................5

Gertz v. Robert Welch Inc., 418 U.S. 323, 350 (1974)............18, 19

Newport v. Fact Concerts, 453 U.S. 247, 267 (1981)..............20

Nicini v. Morra, 212 F.3d 798 (3d Cir. 2000)....................11

Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508(3d Cir. 1994).......8

Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1148 (3d Cir. 1990).......................................................12-13

Smith v. Wade, 461 U.S. 30, 34 (1983)...........................19, 20

Youngberg v. Romeo, 457 U.S. 307, 320(1982)....................10, 11, 12

### UNPUBLISHED CASES

Wood v. Main, 2008 U.S. Dist. LEXIS 62216 (D. N.J. August 13, 2008)........................................................13-14

### FEDERAL RULES

**PAGE**

FED. R. CIV. P. 56(a) ...........................................6

2

Fed. R. Civ. P. 56 (c)(1)........................................6

**STATE STATUTES**

N.J.S.A. § 59:1-1, et seq.......................................17
N.J.S.A. § 59:9-2(d)........................................18, 25

## PRELIMINARY STATEMENT

Mack Tyler ("Plaintiff") alleges that while civilly committed to Trenton Psychiatric Hospital ("TPH"), he was assaulted by another patient on two occasions.  Plaintiff alleges that Sandra Bryant, Evan Feinbusch, Teresa, McQuaide, and Bruce Booth ("the State Defendants") failed to protect Plaintiff from these assaults in violation of his Fourteenth Amendment Rights.  Since Plaintiff falls woefully short of establishing any claims against the State Defendants, his Complaint must be dismissed with prejudice.

First, the claims against Sandra Bryant must be dismissed with prejudice pursuant to the February 13, 2017 Order of the Honorable Freda L. Wolfson. (See January 13, 2017 Order, attached to Counsel Cert. as Exhibit K).  Judge Wolfson dismissed Plaintiff's claims as to Ms. Bryant without prejudice since the Complaint lacked enough detail to determine whether she is liable for failing to protect Plaintiff. (See Opinion of the Hon. Freda L. Wolfson dated January 13, 2017, attached to Counsel Cert as Exhibit L). Plaintiff was granted forty-five days to file an Amended Complaint to cure this deficiency, but no Amended Complaint was ever filed. (Exhibit K).  As such, all claims against Sandra Bryant must be dismissed with prejudice.

Second, the claims against all State Defendants must be dismissed because Plaintiff failed to provide **any** factual evidence to support his allegations.  Despite ample opportunities and

4

numerous reminders from the Court, Plaintiff refused to respond to any of the State Defendants' discovery requests. Due to his non-compliance, the Court barred Plaintiff from relying upon any information not already produced. (See Letter Order dated January 12, 2018 attached as Exhibit M). Since Plaintiff's conclusory allegations lack any factual support, they must be dismissed as a matter of law.

Third, summary judgment must be granted because Plaintiff seeks to hold the State Defendants responsible for the acts of their subordinates under a theory of *respondent superior*. Nothing in the record establishes that the State Defendants had any responsibility over the alleged circumstances. Rather, any potential claim involves the acts of employees subordinate to the State Defendants. Since individual liability under § 1983 may not be imposed via *respondeat superior*, Plaintiff's Complaint must be dismissed. See Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1083 (3d Cir. 1976).

Fourth, the State Defendants are entitled to summary judgment because Plaintiff cannot prove that he is entitled to any compensatory damages or that the State Defendants are liable for punitive damages. Plaintiff failed to provide any factual evidence establishing that he incurred any out-of pocket costs as a result of his alleged injuries or that he actually experiences any mental anguish, humiliation, or suffering. Further, Plaintiff has not

provided any evidence suggesting that the State Defendants acted with an evil motive or with a reckless or callous indifference to Plaintiff's safety to warrant punitive damages.

For these reasons, summary judgment should be granted in favor of the State Defendants and Plaintiff's Complaint be dismissed with prejudice.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 (a), which sets forth the standard for deciding motions for summary judgment, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Further, Federal Rule of Civil Procedure 56 (c)(1) describes the manner in which the nonmoving party can oppose a motion for summary judgment- by providing factual support through specific references to the materials in the record:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>    (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

6

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  See Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986).  This can be achieved by establishing that there is an absence of evidence to support an essential element that the nonmoving party will be required to prove at trial.  Id. at 325.  The Supreme Court in Celotex declared that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 323. The Supreme Court added "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits . . . [in] showing that there is a genuine issue for trial," and that the nonmoving party cannot oppose summary judgment by "the mere pleadings themselves." Id. at 324.

All inferences "should be drawn in the light most favorable to the nonmoving party, and where the nonmoving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) (citations omitted).

The nonmoving party cannot defeat a motion for summary judgment just by showing that some facts are in dispute- the party

7

must establish that there is a genuine issue of material fact.  See Anderson v. Liberty Lobby, 477 U.S. 242 (1986). In Anderson, the Supreme Court held:

> "…the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact.  … [T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is genuine issue for trial. . . . If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. . . . In essence though, the inquiry is . . . `whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " Id. at 247-248, 2510. [Emphasis in original] (internal citations omitted).

"As to materiality, the substantive law will identify which facts are material."  Id. at 248, 2510.  A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  It is important to note that the Courts have consistently held that "the nonmoving party cannot rely upon *conclusory allegations* in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."  Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) [Emphasis added] (Additional citation omitted).

8

**ARGUMENT**

**POINT I**

**ALL CLAIMS AGAINST DEFENDANT SANDRA BRYANT MUST BE DISMISSED PURSUANT TO THE JANUARY 13, 2017 ORDER OF THE HONORABLE FREDA L. WOLFSON, BECAUSE PLAINTIFF FAILED TO FILE AN AMENDED COMPLAINT TO CURE CRITICAL FACTUAL DEFICIENCIES.**

By Order dated January 13, 2017, the Honorable Freda L. Wolfson dismissed Plaintiff's personal capacity § 1983 claims as to Defendant Sandra Bryant without prejudice. (Exhibit K).  Judge Wolfson found that Plaintiff's Complaint "does not provide facts suggesting that [Bryant] had a duty to intervene and/or a realistic and reasonable opportunity to intervene" since the Complaint gives no insight into Bryant's "job title and duties." (Exhibit L).  However, the January 13, 2017 Order provided that "Plaintiff may submit an Amended Complaint within 45 days that cures the deficiencies in his § 1983 claims against Defendant Bryant." (Exhibit K).

Despite clear direction from the Court, Plaintiff failed to file an Amended Complaint.  As such, the same factual deficiencies described in Judge Wolfson's January 13, 2017 Opinion remain.  Nothing in the record suggests that Sandra Bryant had any duty to intervene and protect Plaintiff or that Defendant Bryant was otherwise liable for failing to protect Plaintiff.  Since Plaintiff declined to take advantage of the opportunity to supplement his

9

deficient allegations against Defendant Bryant, all claims against her must be dismissed.

## POINT II

### SUMMARY JUDGMENT MUST BE GRANTED IN FAVOR OF THE STATE DEFENDANTS BECAUSE PLAINTIFF FAILS TO PROVIDE ANY EVIDENCE TO SUPPORT HIS CLAIMS.

The State Defendants are entitled to summary judgment because Plaintiff failed to provide any factual evidence to support any essential element of his claims. Celotex Corporation, 477 U.S. at 323. Summary judgment is appropriate when the moving party establishes that there is an absence of evidence to support an essential element of the nonmoving party's claim to which he has the burden of proof. Id. at 325. To overcome a motion for summary judgment, "the nonmoving party [must] [] go beyond the pleadings and . . . her own affidavits . . . [to] show that there is a genuine dispute for trial." Id. at 324. Since Plaintiff has not provided any factual evidence to establish that the State Defendants are liable to Plaintiff for his alleged injuries, his Complaint must be dismissed.

The Supreme Court has recognized a constitutionally protected right to reasonable safety for those who are involuntarily committed to an institution. Youngberg v. Romeo, 457 U.S. 307, 320 (1982). This right is based on the prohibition in the Due Process

10

Clause of the Fourteenth Amendment against arbitrary government action that violates the right to personal security and liberty. Id. at 316.

To establish a failure to protect claim against a mental health professional under § 1983, a civilly-committed patient must show that the professional made a decision that is a "substantial departure from the accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Youngberg, 457 U.S. at 327. In creating this professional judgment standard, the Supreme Court reasoned that interference by judges and juries in the internal operations of mental health institutions should be minimized and that courts should not second-guess administrators. Id. at 322-323.

Thus, the Court established a standard that presumes that an exercise of professional judgment is correct. Ibid. Mere negligence is never enough to establish this sort of substantive due process liability. Nicini v. Morra, 212 F.3d 798, 810 (3d Cir. 2000). Liability may only be imposed when the decision is such a substantial departure from accepted professional judgment, practice, or standards that it was not in fact based on the exercise of professional judgment. Youngberg, 457 U.S. at 322-23. The presumption is necessary to allow public institutions to continue to operate though they are often, unfortunately,

11

overcrowded and understaffed.  Id. at 324-325.   As the Supreme Court noted, administrators and other professionals should not have to face the threat of a lawsuit for every decision they make under these sometimes less than optimal conditions. Ibid.

To overcome summary judgment on a failure to protect claim, the nonmoving party must "raise a genuine issue of material fact regarding the causal connection between an individual defendant's actions and [the plaintiff's] injury." See Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1148 (3d Cir. 1990).  In Shaw, the involuntarily committed plaintiff was sexually assaulted on two occasions and asserted failure to protect claims under § 1983 against twenty-four employees of the mental institution where he was committed. Id. at 1138-39.   Fourteen of these defendants qualified as "professionals" under Youngberg and were held to the professional decision standard. Id. at 1147.

The  Shaw  plaintiff  established  that  seven  of  these professional defendants knew that the plaintiff may have been sexually assaulted and did nothing to prevent the second assault. Id. at 1148-49.  However, Shaw did not establish who among these seven were at fault. Id. at 1148-49.  The Third Circuit Court of Appeals held that summary judgment was inappropriate as to those seven professional defendants, declaring that the plaintiff "should not be penalized . . . for failing to identify precisely which defendant or defendants dropped the ball." Id. at 1150.  The Shaw

12

Court reasoned such a requirement would be arduous, considering the "complex, overlapping chain of command" in a psychiatric hospital. Id. at 1149-50. The Third Circuit found that there was a genuine issue of material fact whether these seven defendants exercised professional judgment since the records established that they: knew of the first attack, knew that a second attack was possible, and that "all seven had the power and may have shared in the responsibility to protect Shaw from further injury. Still, nothing was done." Id. at 1149. There, the plaintiff established a genuine issue whether there was a causal connection between the defendants' actions or inactions and the plaintiff's injury. See Id.

Applying Shaw, the New Jersey District Court has subsequently dismissed claims at summary judgment where, like here, the record does not suggest a causal connection between the defendant's actions and the plaintiff's injury. See Wood v. Main, 2008 U.S. Dist. LEXIS 62216 (D. N.J. August 13, 2008). The Wood plaintiff, who was involuntarily committed in a psychiatric hospital as a Krol patient, alleged that the hospital's chief executive officer[1] and a psychiatrist failed to provide adequately for the protection of his health and safety in violation of § 1983 after he was attacked by another patient. Id. at *1. The plaintiff alleged that he notified

---

[1] The Wood plaintiff did not oppose the defendant's motion for summary judgment as to the hospital's chief executive officer, "in essence, conceding that summary judgment should be entered." Wood 2008 U.S. Dist. LEXIS 66216 at *4.

the defendants that he was afraid of a future assault but was not provided with additional protection. Id. at *4.

The New Jersey District Court granted summary judgment in favor of the defendants, finding that nothing in the record established that the psychiatrist was warned about a likely future attack. Id. at *13. The Wood Court reasoned, since the record showed "no reason for Dr. Roth to suspect" a future attack on Plaintiff, the psychiatrist's failure to protect Plaintiff from the assault was not a "substantial departure from accepted professional judgment, practice, or standards." Id. at *15-*16. Simply put, the Wood court found that the "Plaintiff [] failed to present any evidence to support the claim he alleged in the [] Complaint." Id. at *13.

Here, Plaintiff cannot meet the burden to overcome summary judgment established in Shaw, since nothing in the record even hints of a causal connection between the State Defendants' actions (or inaction) and Plaintiff's alleged injury. Notably, Plaintiff has not established: the State Defendants' job responsibilities at TPH; whether, based on their positions, they had a duty to protect Plaintiff from the alleged attacks; that they personally knew (or should have known) of S.R.1's alleged violent and aggressive tendencies; that they knew (or should have known) of the two subject assaults; that they could have done anything to prevent the subject assaults; or that they failed to make a professional

14

decision to protect other TPH patients from S.R.1.  Additionally, Plaintiff has not established TPH's rules, policies, or procedures or the prevailing standard of care for similar situations at psychiatric institutions.  Nor has the Plaintiff served an expert's report to establish that the State Defendants breached some standard of practice.  The only support for Plaintiff's claims lies in his own self-serving Complaint, which cannot be used to oppose a motion for summary judgment. Celotex Corporation, 477 U.S. at 324.

Furthermore, Plaintiff has not produced a shred of evidence in discovery, and, despite numerous requests from the Court, has not responded to the State Defendants' reasonable discovery requests. Due to his non-compliance with the Court's instructions, Plaintiff is barred by Court Order from relying on anything not already produced. (Exhibit M).  Since nothing in the record supports Plaintiff's claims and Plaintiff is barred from relying on any additional evidence, there is no genuine issue of material fact and the State Defendants are entitled to summary judgment as a matter of law. Id. at 323.

## POINT III

**SUMMARY JUDGMENT MUST BE GRANTED IN FAVOR OF THE STATE DEFENDANTS BECAUSE PLAINTIFF'S CLAIMS ARE BASED ON AN IMPERMISSABLE THEORY OF RESPONDEAT SUPERIOR**

Plaintiff's allegations under § 1983 impermissibly seek to impose liability on supervisory personnel based on allegedly inadequate monitoring and supervision of S.R.1 by their subordinates.  Under § 1983, it is well-established that liability cannot be predicated solely upon a theory of *respondeat superior*. See Polk County v. Dodson, 454 U.S. 312, 325, (1981). In Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), the court explained:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.
>
> [Id. at 1207 (citations omitted).]

See also Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-94 (3d Cir. 1997); Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995). To state a claim under § 1983, the complaint must allege specific conduct by a state official which violates a constitutional right of plaintiff. Ruffin v. Beal, 468 F. Supp. 482, 490 (E.D.Pa 1978).  Further, to impose supervisor liability, a

16

claimant must establish that the supervisor had "actual knowledge [of] and acquiesce[d]" in any alleged constitutional violation. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, the record is devoid of evidence reflecting that the State Defendants had any personal involvement with or knowledge of the allegedly unconstitutional conduct.   Rather, any potential claim suggested by the record solely involves the aides assigned to individually monitor S.R.1 and other members of the treatment team who were allegedly deficient in responding to S.R.1's assaults- all of whom are subordinate to the State Defendants.   Since nothing in the record establishes that the State Defendants had any personal involvement with or knowledge of the alleged conduct and cannot be held liable under § 1983 solely for the actions of their subordinates, summary judgment must be granted in favor of the State Defendants and the Complaint must be dismissed.

## POINT IV

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE HE FAILED TO PROVIDE ANY PROOF THAT HE SUFFERED ANY DAMAGES.

Further, there is no genuine issue of material fact as to the Plaintiff's damages because Plaintiff failed to provide any factual evidence to suggest that he incurred any compensatory damages or that the State Defendants should be liable for punitive damages. See Celotex Corporation, 477 U.S. at 323.

17

**A. Plaintiff Cannot Establish That He Suffered Any Physical or Emotional Injuries that Entitles Him to Compensatory Damages**

Here, Plaintiff seeks "compensatory damages for . . . physical and emotional injuries," but fails to provide any evidence that he suffers from these injuries. (Exhibit A at ¶ 43).  In analyzing damages in a § 1983 claim, courts use principles from the common law of torts. See Smith v. Wade, 461 U.S. 30, 34 (1983). Compensatory damages are meant to provide "compensation for the injury caused to [the] plaintiff by [the] defendant's breach of duty." Carey v. Piphus, 435 U.S. 247, 255 (1978).  Compensatory damages typically include out-of-pocket costs, but may also include personal humiliation, mental anguish, suffering, and harm to one's reputation. Gertz v. Robert Welch Inc., 418 U.S. 323, 350 (1974). However, a claimant can only recover compensatory damages for an injury if he proves actual injury. Carey, 435 U.S. 264.

Here, no factual evidence suggests that Plaintiff suffers from the alleged physical or psychological injuries for which he seeks compensatory damages.  Notably, Plaintiff has not proven that he incurred any out-of-pocket costs from the alleged assaults, nor has he established, through factual evidence, any humiliation, anguish, suffering, or harm to his reputation.  Further, no factual evidence shows that Plaintiff even suffers from any actual injuries.  There

18

are no medical records, doctor reports, or any other indication that Plaintiff ever visited a medical professional to treat these alleged injuries.  Since nothing in the record establishes that Plaintiff suffers from any injury, no reasonable jury can find that he is entitled to compensatory damages and the State Defendants are entitled to summary judgment.

## B. Plaintiff Cannot Establish That the State Defendants Are Liable for Punitive Damages

Punitive damages are intended "to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and other from similar extreme conduct." Newport v. Fact Concerts, 453 U.S. 247, 267 (1981).  According to the Restatement (Second) of Torts (1979) §908(2), "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." See Smith 461 U.S. 43.  An award of punitive damages in an action under § 1983 is not proper unless it is shown that the defendant's conduct is "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." See Smith 461 U.S. at 56.

In the case at bar, there is no evidence that the individual State Defendants acted with a high degree of conscious disregard for the Plaintiff's rights.  Plaintiff simply cannot demonstrate

19

that the individual State Defendants were motivated by evil motive or reckless and callous indifference.    Therefore, an award of punitive damages cannot be supported in this case.    Accordingly, Plaintiff's punitive damage claims against these State Defendants must be dismissed and summary judgment granted.

## CONCLUSION

For all of the foregoing reasons, it is requested that the Court execute the attached Order granting Summary Judgment in favor of Defendants Teresa McQuaide, Evan Feibusch, Bruce Booth, and Sandra Bryant, dismissing Plaintiff's Complaint and any and all crossclaims against it with prejudice.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: /s/   Meliha Arnautovic
Meliha Arnautovic
Deputy Attorney General

20