# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

| | |
|---|---|
| MACK TYLER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JACQUELINE CRUZ; LAWRENCE ROSSI;<br>LEE ACUF; MARIA CHAMPAGNE; EVAN<br>FIEBUSCH; TERESA MCQUAIDE;<br>SANDRA BRYANT; BRUCE BOOTH;<br>KAREN JOHNSON; JOHN DOES AND<br>JANE DOES 1 -19;<br><br>　　　　Defendant | Civil Action No.: _____<br><br><br>**COMPLAINT**<br>(42 U.S.C. § 1983)<br><br><br>**JURY TRAIL DEMANDED** |

## INTRODUCTION

Plaintiff brings claims against certain state officials under this complaint, for failure to take reasonable steps to ensure of plaintiff's safety from a foreseeable and imminent risk of harm, which resulted in his injury of psychological and physical harm. Plaintiff brings claims against certain state officials who deliberately disregarded his safety. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 against the defendants who at all times were acting under "color of state law" when deliberately depriving plaintiff of safety in contravention of the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. All defendants are sued in their individual capacity for compensatory damages. Plaintiff also sues all defendants in their official capacity to enjoin the defendants by way of a federal injunction into compliance with federal law and the U.S. Constitution.

## 1.  JURISDICTION AND VENUE

1.     Plaintiff brings these causes and claims against the defendants pursuant to the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983, and federal jurisdiction permissible under 28 U.S.C. § 3131 and 1343 for the deprivation of federal statutes and regulations and the United States Constitution.

2.     All defendants are sued in their individual capacity for compensatory damages. Plaintiff also sues all defendants in their official capacity to enjoin the defendants by way of a federal injunction into compliance with federal law and the U.S. Constitution.

3.     The district of New Jersey, vicinage of Trenton, is an appropriate venue pursuant to 28 U.S.C. § 1391(b)(2) because the violations and injuries given rise to the claims occurred in this vicinage and district of New Jersey.

## 2.  PARTIES

### Plaintiff

4.     Name of Plaintiff: Mack Tyler, who resides at 818 Birchwood Court

North Brunswick, New Jersey 08902.

### Defendants

1.     Name of first defendant: Jacqueline Cruz, who is employed at Trenton Psychiatric Hospital, as a psychiatrist at ITU, located at the Lincoln Complex, 100 Sullivan Way, P.O. Box 7500, West Trenton, New Jersey 08628.

2.     Name of second defendant: Lawrence Rossi, who is employed at Trenton Psychiatric Hospital, as the medical director of TPH, located at the Stratton Building, 100 Sullivan Way, P.O. Box 7500, West Trenton, New Jersey 08628.

2

3. Name of third defendant: Evan Feibsuch, who is employed at Trenton Psychiatric Hospital, as the Chief Psychiatrist of TPH, located at the Stratton Building, 100 Sullivan Way, P.O. Box 7500, West Trenton, New Jersey 08628.

4. Name of fourth defendant: Teresa McQuaide, who is employed at Trenton Psychiatric Hospital, as Chief Executive Officer of TPH, located at the Stratton Building, 100 Sullivan Way, P.O. Box 7500, West Trenton, New Jersey 08628.

5. Name of fifth defendant: Lee Acuff, who is employed at Trenton Psychiatric Hospital, as a Building Administrator of Raycroft at TPH, located at the Stratton Building, 100 Sullivan Way, P.O. Box 7500, West Trenton, New Jersey 08628.

6. Name of sixth defendant: Marie Champagne, who is employed at Trenton Psychiatric Hospital, as Building Administrator of Raycroft at TPH, located at the Stratton Building, 100 Sullivan Way, P.O. Box 7500, West Trenton, New Jersey 08628.

7. Name of seventh defendant: Sandra Bryant, who is employed at Trenton Psychiatric Hospital, located at the Stratton Building, 100 Sullivan Way, P.O. Box 7500, West Trenton, New Jersey 08628.

8. Name of eighth defendant: Jacqueline Cruz, who is employed at Trenton Psychiatric Hospital, as a psychiatrist at ITU, located at the Lincoln Complex, 100 Sullivan Way, P.O. Box 7500, West Trenton, New Jersey 08628.

9. Name of ninth defendant: Bruce Booth, who is employed at Trenton Psychiatric Hospital, as a program coordinator at ITU, located at the Lincoln Complex, 100 Sullivan Way, P.O. Box 7500, West Trenton, New Jersey 08628.

10.     Name of tenth defendant: Karen Johnson, who is employed at Trenton Psychiatric Hospital, as a social worker at ITU, located at the Lincoln Complex, 100 Sullivan Way, P.O. Box 7500, West Trenton, New Jersey 08628.

## 3.     STATEMENT OF FACTS

11.     Plaintiff, Mack Tyler, was a psychiatric patient confined after being found not guilty by reason of insanity, and committed by the Superior Court of New Jersey pursuant to State v. Krol, 68 N.J. 236 (1975) and N.J.S.A. 2C:4-8, as a Krol status patient.

12.     At all relevant times and facts alleged in this complaint and thereafter plaintiff was deemed to be insane, incapacitated, incompetent, and of unsound mind.

13.     Plaintiff was admitted to Trenton Psychiatric Hospital and placed in the Lincoln Complex in approximately the month of December of 2012. Plaintiff was placed under the care and treatment of the treatment team of ward ITU, but not limited to; Bruce Booth, program coordinator, Karen Johnson, social worker, Jacqueline Cruz, psychiatrist, and building administrator Marie Champagne.

14.     On or about the second day plaintiff was on the ward he was attacked by patient Anthony Constantino.

15.     Plaintiff was using the payphone and was attacked from behind by Anthony Constantine. Anthony Constantino punched plaintiff repeatedly. The one to one precaution staff member (John Doe) just stood there and watched. The one to one staff member took no reasonable steps to prevent or to protect plaintiff, although Anthony Constantino was on one to one precautions.

16.     The staff member Sandra Bryant and other staff (John Doe and Jane Does) assigned to ITU at this time as well did not take any reasonable steps to prevent the assault on

4

plaintiff. They just watched until the incident was over, purportedly because of their fear of Anthony Constantino.

17.    Plaintiff received significant bodily injury. Plaintiff suffered from a concussion and was bleeding.

18.    Prior to the first assault and after, the administrators Lawrence Rossi, Evan Feibusch, Teresa McQuaide , Lee Acuff, and the treatment team of ITU of the Lincoln Complex were well aware of Anthony Constantino's propensity to commit acts of violence and assault people. Anthony Constantino had assaulted approximately thirty to fifty different individuals and on numerous occasions the same persons and significantly causing bodily injuries ranging from broken bones to lacerations and other injuries, which required hospitalizations.

19.    Despite the numerous complaints and reports the administrators and treatment team of ITU received concerning Anthony Constantino's propensity for violence and the fear the staff members and patients alike had concerning Anthony Constantino the administrators and treatment team of ITU disregarded everyone's safety.

20.    Although Anthony Constantino's propensity to assault persons and create significant bodily injuries, the treatment team of ITU failed to adequately treat Anthony Constantino's by their failure to respond to emergencies and assess his propensity for violence and actually just turned a blind eye to his behavior.

21.    Each time Anthony Constantino assaulted plaintiff the treatment team never responded to assess Anthony Constantino's need for treatment or security, but left that to unqualified personnel not trained to assess such issues of security and treatment.

22.    As a result he was not placed on the appropriate level of security or precautions that was needed for individuals with his propensity for violence. The treatment team of ITU

5

failed to inquire into essential facts that are necessary to a make a professional judgment concerning Anthony Constantino's treatment and security.

23. As such, once again in the month in May of 2013, Anthony Constantino assaulted plaintiff. Plaintiff was using the community bathroom. While using the community bathroom Anthony Constantino was allowed to assault plaintiff. The assigned precaution staff member (Mohumad) who was assigned to Anthony Constantino failed to check the bathroom to make sure no one was inside so that Anthony Constantino could use the community bathroom. However, such failure to check and failure of the treatment team to treat Anthony Constantino led to plaintiff being assaulted again. Plaintiff was attacked and repeatedly punched by Anthony Constantino and the staff member assigned to Anthony Constantino failed to intervene and so plaintiff had to protect himself.

24. The administrative defendants Lawrence Rossi, Evan Feibusch, Teresa McQuaide, Lee Acuff, and Maria Champagne have a direct duty and responsibility of administration and management to supervise to ensure of everyone's safety.

25. The administrative defendants Lawrence Rossi, Evan Feibusch, Teresa McQuaide, Lee Acuff, Marie Champagne, and Dawn Amentie had actual knowledge of a foreseeable and imminent risk of harm to plaintiff

26. The measures that were taken once the administrative officials were aware of the substantial risk of harm to plaintiff were inadequate to ensure of his safety, by the defendants failure to act on their knowledge of an imminent and substantial threat of harm to plaintiff, which was a direct and proximate cause of plaintiff's injury.

27. The administrative defendants Lawrence Rossi, Evan Feibusch, Marie Champagne, Dawn Amentie, Teresa McQuaide, and Lee Acuff were deliberate indifferent not

only by disregarding plaintiff's safety, but were also deliberate indifferent by not following the hospital's internal policies, rules, and regulations concerning the administration and management of safety issues once having actual knowledge of an imminent threat of harm to plaintiff.

28.    The defendants were deliberate indifferent and lack of professional judgment by not following their own rules, regulations, or policies concerning emergencies or safety issues once provided with this information of a foreseeable risk of harm to plaintiff.

29.    Plaintiff also was not closely monitored to ensure of his safety although the defendants were aware of Anthony Constantino's propensity to attack patients.

30.    As a result of the defendants' failure to act, and deliberate disregard of plaintiff safety, plaintiff was assaulted and received serious physical and emotional injuries.

31.    Plaintiff has also sustained psychological and emotional distress and pain and suffering as a result of the acts and omissions involved in the defendants deliberate and total disregard of his safety that resulted in him being harmed. Plaintiff has been subject to fright, horror, grief, shame, humiliation, embarrassment, anger, disappointment, and worry about his safety and extreme emotional distress as a result of the attack.

32.    The defendants" mismanagement of Trenton Psychiatric Hospital; inadequate supervision and monitoring, the defendants' failure to follow their own rules and regulations or policies concerning safety of patients, and failure to treat dangerous patients, systematic deficiencies in understaffing and facilities that make TPH very unsafe, and the reckless disregard for plaintiff's safety by failing to act in a reasonable manner allowed plaintiff to be injured.

33.    The actions and omissions of the defendants that were not reasonable to ensure of plaintiff's safety were a substantial deviation or departure from accepted professional judgment,

7

practice or standards as to demonstrate that they actually did not base the acts or omissions on such judgment.

### 4.   CLAIMS OF RELIEF

34.   Plaintiff re-alleges and incorporates by reference his allegations in paragraphs (11) through (33) as if fully restated herein:

### COUNT I

### FAILURE TO PROTECT FROM A KNOWN RISK OF SUBSTANTIAL HARM IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

35.   Pursuant to the Fourteenth Amendment's Due Process Clause, plaintiff as an involuntary committed patient has a substantive right to protection by the state of New Jersey from harm by others.

36.   All defendants, acting under color of law, violated plaintiff's constitutional rights and acted with such willful disregard for plaintiff's safety that it shocks the conscience.

37.   With all of the information the defendants were aware of, it was foreseeable at the time to them, that plaintiff was going to be attacked.

38.   Plaintiff was harmed as a direct and proximate cause of the defendants' actions and omissions.

39.   The actions of the defendants were such a substantial departure from accepted professional judgment, practice, or standard and skill, which actually demonstrates that their actions were not based on professional judgment, and were in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution for failure to protect.

### 5.   PRAYER FOR RELIEF

40.   WHEREFORE, plaintiff request that this court grant the following relief:

8

41. Declare that all defendants violated plaintiff's Fourteenth Amendment rights when they failed to protect him from a known risk of assault and he was severely assaulted.

42. Issue an injunction requiring the defendants and TPH to properly train and follow their internal rules, regulations and hospital policies to ensure of the patients' and state officials' safety.

43. Award compensatory damages for plaintiff's physical and emotional injuries, and punitive damages against each defendant, in the amount of two million dollars (\$ 3,000,000).

44. Grant plaintiff such other relief as it may appear plaintiff is entitled to.

## 6. VERIFICATION

45. Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.



Signed this 4 day of 20 ___ 2015
By: _Mack Tyler_____
Mack Tyler, pro se

## 7. CERTIFICATION OF NO OTHER ACTION

46. Pursuant to Fed.R.Civ.P., 11.2, I hereby certify that this matter is not the subject of any other action pending in any court, pending arbitration, or administrative proceeding. Plaintiff reserves the right to amend the complaint at the appropriate time to include others that are discovered to be responsible for plaintiff's injuries.

Signed this 4 day of 20 ___ 2015
By: _Mack Tyler_____
Mack Tyler pro se

9

Case 3:15-cv-02951-FLW-TJB   Document 1   Filed 04/27/15   Page 10 of 11 PageID: 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW JERSEY
VICINAGE OF NEWARK

MACK TYLER,

       Plaintiff,

vs.

JACQUELINE CRUZ, et al

       Defendant

**Notice of Motion for Waiver of Filing Fees**

**PLEASE TAKE NOTICE**, that plaintiff moves before the court for waiver of filing fees, on a return date established by the clerk's office. In support of application plaintiff will rely upon an affidavit of indigency which is attached.

Date: 4·20·15

Respectfully submitted

By: _Mack Tyler_

Mack Tyler,   pro se